IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERSHON KULEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LEASE FINANCE GROUP LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Gershon Kulek brings this action to secure redress for the improper obtaining of a credit report by defendant Lease Finance Group LLC ("LFG"), in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question) and 1337 (interstate commerce) and 15 U.S.C. §1681p (FCRA).

3. Venue in this District is proper because defendant is subject to jurisdiction here.

## PARTIES

4. Plaintiff is an attorney with offices in Chicago, Illinois.

5. Defendant LFG is a limited liability company chartered under Delaware law. It has its principal place of business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

1

## **FACTS**

6. Prior to May 2, 2013, LFG had an equipment lease and merchant account with the law firm of Kulek & Jessop, LLC, of which plaintiff Kulek was a member.

7. On or about May 2, 2013, Kulek & Jessop, LLC dissolved.

8. The Law Office of Eliot Jessop retained the equipment and associated account, and was substituted as lessee. (Exhibit A)

9. For a time, LFG billed Law Office of Eliot Jessop (Exhibits B-C).

10. On information and belief, Law Office of Eliot Jessop fell behind on payments or refused to make payments to LFG.

11. Thereafter, on or about Feb. 22, 2014, LFG pulled the personal Experian credit report of plaintiff Kulek.

12. LFG had no business relationship with or other permissible purpose for obtaining the credit report of plaintiff Kulek.

13. LFG falsely represented to Experian that it had a permissible purpose for obtaining the credit report of plaintiff Kulek.

14. Between January 1, 2014 and the present, LFG made a series of harassing calls to plaintiff Kulek's office, home and cellular telephones and to his office staff seeking payment of the Jessop lease, causing harassment, loss of time, and annoyance.

15. LFG has a history of fraudulent and deceptive collection practices, as set forth in Exhibits D-E.

16. LFG acted with reckless disregard for plaintiff's rights when it obtained his credit report and sought to harass him into paying the Jessop lease.

## COUNT I – FAIR CREDIT REPORTING ACT

17. Plaintiff incorporates paragraphs 1-16.

18. LFG obtained plaintiff's consumer report without a permissible purpose, through misrepresentation.

19. LFG willfully violated 15 U.S.C. §1681b(f).

20. LFG is liable under 15 U.S.C. §1681n:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1)**
>
>> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>>
>> **(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against LFG for:

    a. Appropriate actual, punitive and statutory damages;

    b. Attorneys fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems proper.

## COUNT II – CONSUMER FRAUD ACT

21. Plaintiff incorporates paragraphs 1-16.

22. Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by repeatedly calling plaintiff and his office staff for the purpose of harassing them into paying the debt of another.

23. Defendant engaged in such conduct in the course of trade and commerce.

24. Defendant engaged in such conduct for the purpose of obtaining money from plaintiff.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against LFG for:

      a. Appropriate actual and punitive damages;

      b. An injunction against further collection activities;

      c. Attorneys fees, litigation expenses and costs of suit;

      d. Such other or further relief as the Court deems proper.

    s/Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Rebecca A. Cohen
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                            s/Daniel A. Edelman
                                                            Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ Daniel A. Edelman
Daniel A. Edelman